IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

NICHOLAS CORTEZ ADDISON                                                                              PLAINTIFF
ADC #162451

v.                                              5:16CV00049-JM-JTK

CARLIES HARVILL                                                                                       DEFENDANT

**MEMORANDUM AND ORDER**

Plaintiff Nicolas Addison, a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, together with a Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 (Doc. No. 1).  Although Plaintiff submitted a declaration that makes the showing required by § 1915(a), his Motion is denied.  28 U.S.C. § 1915(a).

**I.    SCREENING**

The Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §1915(a).  Additionally, the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has had at least three complaints dismissed for failure to state a claim and/or frivolous,[1] and is considered a "three-striker" within the meaning of the PLRA.  Plaintiff may,

---

[1] Addison v. Martin, 3:15cv00001-JM; Addison v. Muse, 3:15cv00133-JM; Addison v. Martin, 3:15cv00096-DPM.

however, be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above. 28 U.S.C. §1915(g). This exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed. Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Plaintiff does not allege facts to support a finding that he is in imminent danger of serious physical injury, as provided in the statute; therefore, he must pay the filing fee in order to prosecute this action.

**II.   CONCLUSION**

IT IS, THEREFORE, ORDERED that:

1.   Plaintiff Addison's Motion to Proceed In Forma Pauperis (Doc. No. 1) is DENIED.

2.   Should Plaintiff wish to continue this case, he must submit the statutory filing fee of $400.00 to the Clerk, noting the above case style and number within ten (10) days of the date of this Order, together with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

3.   Plaintiff's Complaint is DISMISSED without prejudice.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 24th day of February, 2016.

_____
JAMES M. MOODY, JR.
UNITED STATES DISTRICT JUDGE